UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN SCHRADER, | 1: 07 CV 00106 LJO WMW HC |
|             Petitioner, | MEMORANDUM OPINION AND ORDER RE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
|   v. | [Doc. 13] |
| BEN CURRY, | |
|             Respondent. | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. Pending before the court is Respondent's motion to dismiss.

**PROCEDURAL HISTORY**

Following a guilty plea in Calaveras County Superior Court, Petitioner was convicted of second degree murder on May 17, 1995. The court sentenced Petitioner to serve an indeterminate term of 15 years to life in state prison. Petitioner did not file a direct appeal.

On July 14, 2005, Petitioner filed a petition for writ of habeas corpus in the Calaveras Superior Court. The Superior Court denied the petition on July 20, 2005, finding, "In his petition,

Petitioner fails to adequately explain the substantial delay in raising his claims of ineffective assistance of trial counsel and factual innocence. [*In re Clark*, (1993) 5 Cal.4th 750; *In re Robbins* (1998) 18 [Cal.4th] 770.] [¶] Wherefore, the Petition is denied."

On September 7, 2005, Petitioner filed the same petition in the California Court of Appeal. The Court of Appeal denied the petition without comment on September 15, 2005.

On September 20, Petitioner filed the same petition in the California Supreme Court. The Supreme court denied the petition on August 2, 2006, with citations to In re Robbins, 18 Cal.4th 770, 780 (1998); In re Alvernaz 2 Cal.4th 924, 945 (1992); and In re Resendiz, 25 Cal.4th 230, 253-254 (2001).

## LEGAL STANDARD

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of the Calaveras County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody

pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly."  Lockyer, at 1174 (citations omitted).  "Rather, that application must be objectively unreasonable."  Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction.  Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

//
//
//

## DISCUSSION

Respondent moves to dismiss this petition on the ground that it is untimely and barred by the statute of limitations. Petitioner opposes the motion.

<u>Procedural Basis for Motion to Dismiss</u>

Petitioner makes an initial argument in opposition to Respondent's motion to dismiss in which he claims that the motion to dismiss is procedurally defective. Petitioner claims that the motion is "in direct contravention to the mandates set forth by this Court in the Order to Show Cause and therefore, should be dismissed." Specifically, Petitioner claims that this court mandated that Respondent file an answer addressing the merits in this case, along with any argument that Petitioner has procedurally defaulted. Petitioner is mistaken. The Order Requiring Respondent to File Responsive Pleading entered in this case on May 4, 2007, provided that Respondent could file either an answer or a motion to dismiss. The order specifically provided that a motion to dismiss could be filed to challenge the petition on the ground of violating the statute of limitations.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the Petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the Attorney General, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. <u>See</u>, <u>e.g.</u>, <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (1991); <u>White v. Lewis</u>, 874 F.2d 599, 602-03 (9th Cir. 1989); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and case law, the court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

In light of the above, the court finds no merit to Petitioner's contention that Respondent's motion to dismiss is procedurally defective.

<u>Statute of Limitations Bar</u>

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal

petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In this case, judgment was entered against Petitioner on May 17, 1995. Petitioner did not file a direct appeal, therefore his conviction became "final" within the meaning of Section 2244(d)(1)(A) on July 17, 1995, the Monday following the 60th day after May 17, 1995). See Cal.R.Ct. 31(d). The one-year statute of limitations began running the following day - - July 18, 1995. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001)(citing Fed.R.Civ.P. 6(a)). Thus, absent tolling, the last day to file a federal petition was July 17, 1996. The present petition was not filed until late 2006. Thus, absent tolling of the statute, the petition is untimely.

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral

challenge."[1]  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000); see, also, Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999).  The Court reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court.  Id. at 1005.  In Carey v. Saffold, 536 U.S. 214, 122 S.Ct. 2134 (2002),  the Court determined that under California's collateral review process, the intervals between a lower court decision and the filing of a new petition in a higher court are within the scope of the statutory word "pending."  Id. at 2140.  Thus, as in Nino v. Galaza, tolling occurs during the intervals between petitions in the state courts.

In this case, is undisputed that Petitioner made no filing during the year after his conviction became final.  Thus, the court finds that Petitioner is not entitled to statutory tolling of the statute of limitations.

Actual Innocence Gateway

In his opposition to Respondent's motion to dismiss,  Petitioner contends that he is entitled to equitable tolling.   The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time.  Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814, 118 S.Ct. 60, 139 (1997); Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283,1288 (9th Cir.), *overruled in part on other grounds by*, Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (*en banc*) (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible

---

[1] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See, Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999).  Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal.  Id.  If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court.  See, id.

1  to file a petition on time"). "When external forces, rather than a petitioner's lack of diligence, account
2  for the failure to file a timely claim, equitable tolling of the statute of limitations may be
3  appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir.1999), *citing* Kelly, 163 F.3d at 541;
4  Beeler, 128 F.3d at 1288-1289.

5        In this case, Petitioner claims that even if the current federal habeas corpus petition is
6  untimely under 28 U.S.C. § 2244(d), he is entitled to equitable tolling because he is actually innocent
7  of second degree murder. Petitioner relies on Schlup v. Delo, 513 U.S. 298 (1994). Under the actual
8  innocence gateway of Schlup v. Delo, 513 U.S. 298 (1995), a petitioner's procedurally barred claim
9  may be considered on the merits if his claim of actual innocence is sufficient to implicate a
10  fundamental miscarriage of justice. See Majoy v. Roe, 296 F.3d 770 (9th Cir.2002); Carriger v.
11  Stewart, 132 F.3d 463, 477 (9th Cir.1997) (en banc). In order to pass through the actual innocence
12  gateway and have his procedurally barred petition considered on the merits, the petitioner must
13  present evidence to show that in light of all the evidence, including evidence not introduced at trial,
14  it is more likely than not that no reasonable juror would have convicted him. Schlup, 513 U.S. at
15  327; Majoy, 296 F.3d at 776; Sistrunk v. Aremenakis, 292 F.3d 669, 673, 677 (9th Cir.2002). "A
16  petitioner need not show that he is 'actually innocent' of the crime he was convicted of committing;
17  instead, he must show that 'a court cannot have confidence in the outcome of the trial.'" Majoy, 296
18  F.3d at 776 (quoting Schlup, 513 U.S. at 316 and Carriger, 132 F.3d at 478). The Ninth Circuit has
19  explained that claiming one should be allowed to pass through the Schlup gateway is "not itself a
20  constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his
21  otherwise barred constitutional claim considered on the merits." Majoy, 296 F.3d at 778 n.1
22  (quoting Schlup, 513 U.S. at 315).

23        In arguing that newly discovered facts exist which meet the Schlup standard, Petitioner
24  argues that the evidence shows that he never struck a single blow in the assault that killed the victim,
25  citing his own declaration. He argues evidence presented at trial shows he had no awareness that the
26  actual perpetrator, Kelly Lund, had any intention of killing the victim. Petitioner states specifically
27  that he never knew what Lund's intent was regarding the murder weapon, a lead pipe, or the victim.
28        The court has reviewed the evidence summarized by both parties and concludes that

1 Petitioner cannot meet the high standard set forth in <u>Schlup</u> of showing that in light of all the
2 evidence, including evidence not introduced at trial, it is more likely than not that no reasonable juror
3 would have convicted him.  <u>Schlup</u>, 513 U.S. at 327  As Respondent argues, the evidence adduced at
4 trial shows that a rational juror could have concluded beyond any reasonable doubt, based on the
5 testimony of Wendy Derby, Rachel Andona, David Williams, Aaron Duda, Nicla Cassel, Jennifer
6 Ann Leslie, Joshua Harrington, and Petitioner himself, that: 1) Petitioner encouraged Kelly Lund to
7 assault the victim and that 2) Petitioner's encouragement included furnishing a metal pipe to Lund.
8 Under these facts, Petitioner was guilty of murder under California law once the victim died from the
9 fatal beating. See  <u>People v. Mendoza,</u> 18 Cal.4th 1114, 1133 (1998) ("[a] person who knowingly
10 aids and abets criminal conduct is guilty of not only the intended crime but also of any other crime
11 the perpetrator actually commits that is a natural and probable consequence of the intended crime.
12 The latter question is not whether the aider and abettor actually foresaw the additional crime, but
13 whether, judged objectively, it was reasonably foreseeable. ( People v. Prettyman, supra, 14 Cal.4th
14 at pp. 260-262.))"    It is undisputed that under California law, it is not a necessary component of
15 Petitioner's guilt that he have personally killed the victim.  Rather, guilt is established so long as it is
16 reasonably foreseeable that fatal use of a weapon may flow from the assault.  <u>See</u>, <u>e.g.</u>, <u>People v.</u>
17 <u>Gonzales</u>, 887 Cal.App.4th 1, 10 (2001)( finding that .it was reasonably foreseeable when the three
18 defendants left the car a fatal shooting would be the natural and probable consequence of the fight
19 between the groups of young men).
20        Petitioner also argues that a psychiatric report created by psychiatrist Albert Globus, M.D.,
21 supports his claim of actual innocence. This report was not presented to the jury. Petitioner argues
22 that in that report, Dr. Globus opines that Petitioner had decreased mental functioning capacity,
23 which caused him to be "unable to make a rational fact-based decision" relative to his plea bargain.
24 Petitioner also argues that Dr. Globus found that Petitioner suffers from "abnormal dependence and
25 slow thinking, as well as personality difficulty, which impairs his capacity to act independently."
26 The court finds that nothing in Petitioner's argument regarding Dr. Globus' psychiatric report is
27 sufficient to allow Petitioner to present his procedurally barred claim under the actual innocence
28 gateway of <u>Schlup v. Delo</u>.  That is, this evidence is not sufficient to show,  that in light of the

evidence that was presented at trial, it is more likely than not that no reasonable juror would have convicted Petitioner. A reasonable juror could have rejected Dr. Globus' report as one-sided and biased.

Based on the above, the court must conclude that Petitioner has not meant the standard to pass through the actual innocence gateway. This court therefore declines to consider Petitioner's claims on the merits.

Petitioner may seek to appeal from the judgment of the court in this case. Petitioner cannot proceed on such an appeal absent a certificate of appealability. The controlling statute, 28 U.S.C. § 2253, provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In the present case, the court finds no denial of a constitutional right. Accordingly, a certificate of appealability will be denied.

In light of all of the above, the court HEREBY ORDERS as follows:

1) Respondent's motion to dismiss is GRANTED;

2) This petition for writ of habeas corpus is DISMISSED as barred by the statute of limitations;

3) A certificate of appealability is DENIED;

4) The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

IT IS SO ORDERED.

**Dated:   January 20, 2009            /s/ Lawrence J. O'Neill**

1                                    UNITED STATES DISTRICT JUDGE